## Telep v. Golden.

*Judgment—Examination of debtor—Act of May 9, 1913.*

In any case in which a final judgment has been recovered in any court of record upon which an execution has been issued and a return made by the sheriff to the effect that property cannot be found to satisfy the judgment and execution, the plaintiff can bring the defendant into court, under the Act of May 9, 1913, P. L. 197, to be examined orally as to any property he may have.

Order for examination of judgment debtor under Act of May 9, 1913. C. P. Lackawanna Co., Nov. T., 1923, No. 533.

*M. J. Kolansky,* for plaintiff; *J. E. Boland,* for defendant.

EDWARDS, P. J., Oct. 23, 1924.—The plaintiff is a farmer and had a number of cows in 1923. He sold the milk to E. J. Golden, one of the defendants above named, who, with his wife, lived in Carbondale. The milk was delivered to

Telep v. Golden.

Golden daily from some time in April, 1923, to Aug. 31, 1923, at an average quantity rate of 200 quarts per day. The indebtedness, as found by the arbitrators on June 2, 1924, was $1664.18.

The suit was started against E. J. Golden and his wife, Loretta Golden; but the award of the arbitrators was against E. J. Golden alone. No appeal was taken from the award, and we find that plaintiff's counsel, in July, 1924, had the record amended so as to eliminate the name of the wife from the case.

Believing that the defendant had property which should be applied towards the satisfaction of the judgment against him, plaintiff's attorney obtained an order directing the defendant to appear before the court to be examined orally concerning his property, the execution on the judgment against him having been returned nulla bona.

The proceeding is brought under the Act of May 9, 1913, P. L. 197, which provides, inter alia, that in any case in which a final judgment has been recovered in any court of record, upon which an execution has been issued and a return made by the sheriff to the effect that property cannot be found to satisfy the said judgment and execution, the plaintiff can bring the defendant into court to be examined orally as to any property he may have.

In passing, we would state that the defendant, as a matter of common honesty, ought to make every effort to pay the plaintiff for the milk and for the faithful delivery of the same from day to day for a period of over four months. However, it is our duty to pass upon the evidence as it is before us, and to decide the case upon the evidence alone.

It appears from the evidence that the wife had purchased a house in Carbondale for the sum of $9000, paying $4000 in cash and giving a mortgage for the balance; but it is proven also that the money paid was a part of an inheritance from the wife's father and that no part of the money came from the defendant. Plaintiff necessarily was bound to rely on the testimony of the defendant himself, and this testimony clearly failed to give any relief to the plaintiff.

Now, Oct. 23, 1924, we find that the plaintiff has not furnished sufficient evidence to sustain the sixth paragraph of his petition.

From William A. Wilcox, Scranton, Pa.